Joe Nathan COLEMAN et al., Plaintiffs,

v.

C. B. AYCOCK et al., Defendants.

No. GC6538.

United States District Court
N. D. Mississippi,
Greenville Division.

Dec. 22, 1965.

L. H. Rosenthal, Jackson, Miss., William Lee Akers, Harry Lore, Philadelphia, Pa., for plaintiffs.

Irby Turner, James Bridges, Belzoni, Miss., Joe T. Patterson, Atty. Gen., Will S. Wells, Asst. Atty. Gen., of Mississippi, Jackson, Miss., for defendants.

CLAYTON, District Judge.

This is a class action by Negro citizens of Belzoni and Humphreys County, Mississippi, to desegregate public facilities by the entry of a declaratory judgment and the issuance of certain injunctions. Defendants are the Supervisors, Sheriff, Chancery Clerk and Circuit Clerk of Humphreys County and the Mayor, Aldermen, City Clerk, Chief of Police and City Engineer of the City of Belzoni.

The complaint alleges that the plaintiff class is forced to use public facilities in

a segregated or discriminatory fashion, or that they are denied their use entirely, or that they are allowed their use in an inferior manner, solely because of their race, as a result of unlawful discriminatory actions of the defendant officials of the county and city and their agents. It also alleges that such discrimination is being undertaken under color of law, custom and usage.

Before the court for its disposition are motions by defendants for a more definite statement. These motions assert that parts of the complaint are so vague, broad, general, all-inclusive and ambiguous that they cannot reasonably frame a responsive pleading thereto.

It must be stated that the complaint is broad and inclusive and in fact multifarious. It seems calculated to construct an all-inclusive cause of action by which plaintiffs hope to deal with most of the problems of segregation in one fell swoop. It is a shotgun blast by which the plaintiff class seeks desegregation of many and varied public facilities which have been constructed and are maintained with public funds derived from taxes levied by numerous taxing authorities, and it is to be noted that many of these facilities are under the jurisdiction of various governmental agencies. However, it is also to be noted that where the taxes came from or where the current maintenance funds were derived and who or what is in control of each of the public facilities specified are matters of law. And, all parties to this action are presumed to know the law.

It needs saying also that the court fully appreciates the difficulties which will be encountered by the multitude of defendants in seeking out the precise part of the complaint with which they each are concerned and separating it from all the other parts of the complaint with which other defendants alone are concerned. However, from the language in which defendants' motions are cast, it is obvious that they are seeking a bill of particulars rather than a more definite statement. This is impermissible and it requires the citation of no authority to sustain that position. Rule 12(e), Federal Rules of Civil Procedure.

In short, what defendants seek by their motions which they call motions for more definite statement is a statement of facts or a statement of evidence. With the great liberality of discovery and deposition procedure established by Rules 26–37, inclusive, Federal Rules of Civil Procedure, it is obvious that defendants can obtain before trial, from plaintiffs and witnesses said by plaintiffs to be knowledgeable with respect to the situations about which complaint is made, all of the information defendants now seek with their present motions. It is to the procedure established by those Rules to which defendants must now repair.

Their motions for more definite statement should and will be overruled.